**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KENNETH JOHNSON, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-2011 (SRC) |
| | : | |
| v. | : | |
| | : | |
| HUDSON COUNTY CORRECTIONAL | : | **OPINION** |
| CENTER, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

> KENNETH JOHNSON, Plaintiff pro se
> #230935
> LOC AIW
> Hudson County Correctional Center
> 35 Hackensack Avenue
> Kearny, New Jersey 07032

**CHESLER**, District Judge

This matter was administratively terminated by this Court, by Order entered on May 27, 2010, because it appeared that plaintiff's application for in forma pauperis ("IFP") status was incomplete and no filing fee had been paid. (Docket entry no. 2). On June 7, 2010, Plaintiff submitted a complete IFP application and asked that his case be re-opened, pursuant to the directive in this Court's May 27, 2010 Order. The matter was re-opened on the docket on June 24, 2010. Based on Plaintiff's affidavit of indigence, the Court will grant the application to

proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed in its entirety.

I.   BACKGROUND

Plaintiff, Kenneth Johnson ("Johnson"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the Hudson County Correctional Center.  (Complaint, Caption).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Johnson alleges that on March 28, 2010, he fell off the top bunk in his cell, hurting his left knee and right shoulder.  He complained to the correctional officers about the pain, but was not seen by a doctor until April 8, 2010.  Plaintiff was given an x-ray and Advil for the pain.  He states that he has a lump or knot on his right shoulder and a scar on his left knee.  He filed

a tort claim for damages against the Hudson County Correctional
Center on or about April 13, 2010.

Johnson does not state a claim for relief, but it appears
that he seeks declaratory relief, and possibly money damages.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-
134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),
requires a district court to review a complaint in a civil action
in which a prisoner is proceeding in forma pauperis or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to sua sponte dismiss
any claim that is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2)(B) and 1915A.  This action is subject to sua sponte
screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an
§ 1915A.

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94
(2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and
Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). <u>See</u> <u>also</u> <u>Erickson</u>, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in

4

discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  <u>Id</u>.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed.R.Civ.P.</u> 8(a)(2).[1]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "<u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." <u>Fed.R.Civ.P.</u> 8(d).

"show[n]"–"that the pleader is entitled to relief." <u>Fed. Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Iqbal</u>, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> at 1948.  The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  <u>Id.</u> at 1949-50; <u>see also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that <u>Iqbal</u> provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[2] that

---

[2]  In <u>Conley</u>, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Id.</u>, 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion

applied to federal complaints before <u>Twombly</u>.   <u>Fowler</u>, 578 F.3d at 210.   The Third Circuit now requires that a district court must conduct the two-part analysis set forth in <u>Iqbal</u> when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949-50<u>]</u>. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [<u>Id</u>.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>.

<u>Fowler</u>, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

---

to dismiss so long as it contained a bare recitation of the claim's legal elements.

III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

Here, Johnson names the Hudson County Correctional Center as

a defendant in this action.  However, the Hudson County

Correctional Center must be dismissed from this lawsuit because

it is not a "person" subject to liability under § 1983.  See

Grabow v. Southern State Correctional Facility, 726 F. Supp. 537,

538-39 (D.N.J. 1989)(correctional facility is not a person under

§ 1983).; Mitchell v. Chester County Farms Prison, 426 F. Supp.

271, 274 (D.C. Pa. 1976).  Because plaintiff does not name

another defendant in this action, the Complaint will be dismissed

in its entirety.  To the extent that Johnson would seek to amend

8

his Complaint to name other defendants, this Court finds, for the
reasons stated below, that the allegations in the Complaint fail
to state a cognizable claim under § 1983.

IV.   ANALYSIS

It appears from the allegations in the Complaint that
Johnson is asserting a denial of medical care claim in violation
of his rights under the Eighth and Fourteenth Amendments.  It is
not clear whether Johnson was a pretrial detainee or a convicted
inmate at the time of the alleged incident.  Accordingly, the
Court will consider Johnson's claims under both the Eighth and
Fourteenth Amendments.

The Eighth Amendment proscription against cruel and unusual
punishment requires that prison officials provide inmates with
adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04
(1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order
to set forth a cognizable claim for a violation of his right to
adequate medical care, an inmate must allege:  (1) a serious
medical need; and (2) behavior on the part of prison officials
that constitutes deliberate indifference to that need.  Estelle,
429 U.S. at 106; Natale v. Camden County Correctional Facility,
318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the
inmate must demonstrate that his medical needs are serious.
"Because society does not expect that prisoners will have
unqualified access to health care, deliberate indifference to

9

medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145

(D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.  The court also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See also Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician

11

capable of evaluating the need for such treatment"); <u>Durmer v. O'Carroll</u>, 991 F.2d 64 (3d Cir. 1993); <u>White v. Napoleon</u>, 897 F.2d 103 (3d Cir. 1990).

This Court finds, based on the allegations of the Complaint, that Johnson has failed to show the necessary element of deliberate indifference to support his Eighth Amendment denial of medical care claim.  Assuming for purposes of this Opinion only that plaintiff has shown a serious medical need,[3] Johnson cannot show deliberate indifference by the defendant because Johnson admittedly was provided medical care.  Johnson admits that he was seen by a doctor on April 8, 2010, only 11 days after the injury. He was x-rayed and given Advil for the pain.  Thus, at most, there appears to be a disagreement by plaintiff as to the treatment he received.  Johnson simply complains that the Advil prescribed for him was not enough for his pain.  As stated above, "mere disagreements over medical judgment do not state Eighth Amendment claims."  <u>White</u>, 897 F.2d at 110.  Such allegations sound in medical negligence, which is not actionable under the Eighth Amendment as a claim of a constitutional deprivation.  <u>See</u>

---

[3] Although the seriousness of plaintiff's medical need may be a fact question, Johnson does not allege any permanent injury or disability, fracture, or other serious injury requiring more care than he received.  He also fails to allege any facts to show that his injury required more than the x-ray and medication provided.  Johnson states only that he had pain and it took more than a week to be seen by a doctor.  Consequently, it would appear that Johnson would be unable to prove a serious medical need.

Farmer, 511 U.S. at 837-38.  Accordingly, the denial of medical care claim should be dismissed for failure to state a claim.

To the extent that Johnson was a pretrial detainee at the time of the alleged injury, the Fourteenth Amendment is applicable.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  See also Montgomery v. Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, ...; *i.e.* whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of  guilt....") (citing Hubbard, 399 F.3d at 158).  In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees.  399 F.3d at 165-67.

Here, it appears that even if Johnson were a pretrial detainee at the time of the incident at issue, and his claim is

13

examined under the Due Process Clause of the Fourteenth
Amendment, he still fails to state a claim.  As discussed above,
Johnson was treated for his injury and medical needs with an x-
ray and medication.  At most, plaintiff waited 11 days before he
was seen by a doctor, and the x-ray taken and medication
prescribed did not indicate an injury that was serious requiring
more care than provided.  Thus, the admitted allegations of the
Complaint do not show that any delay or denial of treatment was
excessive in relation to any stated purpose of jail security and
administration, and there is no showing that the actions or
inactions of defendant was intended as punishment and
retaliation.  See Hubbard v. Taylor, 399 F.3d 150, 158-63 (3d
Cir. 2005); Newkirk v. Sheers, 834 F. Supp. 772, 781 (E.D.Pa.
1993).  Therefore, any Fourteenth Amendment claim asserting
denial of medical care also must be dismissed for failure to
state a claim.

     Finally, pursuant to 28 U.S.C. § 1367(c)(3), where a
district court has dismissed all claims over which it has
original jurisdiction, it may decline to exercise supplemental
jurisdiction over a related state law claim.  The Court of
Appeals for the Third Circuit has held that, where all federal
claims are dismissed before trial, "the district court must
decline to decide the pendent state claims unless considerations
of judicial economy, convenience, and fairness to the parties
provide an affirmative justification for doing so." Hedges v.

14

<u>Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000)(citations omitted).  As no such extraordinary circumstances appear to be present here, this Court will dismiss without prejudice any state law claims asserting negligence and medical malpractice that may be construed from the Complaint.

IV.   CONCLUSION

For the reasons set forth above, plaintiff's Complaint will be dismissed with prejudice, in its entirety as against the named defendant, Hudson County Correctional Center, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  An appropriate order follows.

STANLEY R. CHESLER
United States District Judge

Dated: